**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| **In re:  BRANDSEED MEDIA** | ) | **Case No. 05-43431-DOT** |
| **COMMERCE GROUP, LLC,** | ) | **Chapter 7** |
| | ) | |
| **Debtor.** | ) | |
| | ) | |
| | ) | |
| **KAUFMAN & CANOLES, PC,** | ) | |
| | ) | **Adv. Proc. No. 06-3068** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **RAI FUNDING, LLC, and** | ) | |
| | ) | |
| **ROY M. TERRY, Jr., Chapter 7 Trustee,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM OPINION

Hearing was held September 27, 2006 on a motion for summary judgment filed by

Roy M. Terry, Jr., Chapter 7 Trustee for the bankruptcy estate of Brandseed Media

Commerce Group, LLC.  Ruling from the bench, the court granted the Chapter 7

Trustee's motion in part with conditions and denied it in part without prejudice.  On

October 24, 2006, the court entered an order.  This memorandum opinion contains

findings of fact and conclusions of law in support of that order.

**FINDINGS OF FACT**

On December 15, 2005 ("Petition Date"), an involuntary petition was filed under

Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, against

Brandseed Media Commerce Group, LLC ("debtor").  An order for relief was entered on

February 15, 2006.  Roy M. Terry, Jr. was appointed as interim trustee over debtor's

bankruptcy estate, and continues to serve in that capacity.

Kaufman & Canoles, PC, a Virginia professional corporation engaged in the

practice of law, served as counsel to debtor in certain pre-petition litigation to collect an

account receivable from Worldwide Excellence, Inc.  That litigation was settled by a

stipulated final judgment order entered on December 5, 2005 that required Worldwide to

pay a judgment in favor of debtor.  *See Brandseed Media Commerce Group, LLC v.*

*Worldwide Excellence, Inc.*, No. 3:05cv00327, Stipulated Final Judgment and Order

(E.D. Va. Dec. 1, 2005).  Under the terms of the order, the judgment amount of $453,000

was to be paid to Kaufman & Canoles, as debtor's counsel, in five installments, including

a payment due on or before December 7, 2005 in the amount of $193,000, and a payment

due on or before December 21, 2005 in the amount of $200,000.

On December 28, 2005, post-petition and without authority from this Court,

Kaufman and Canoles deducted legal fees and expenses in the amount of $257,452.35

from the $393,000 that it held in escrow.

On March 23, 2006, Kaufman & Canoles filed this adversary proceeding against

the Chapter 7 Trustee and RAI Funding, LLC ("RAI"), a New Jersey LLC, seeking to

interplead $135,547.65 into this Court.   Additional findings of fact are stated in the

discussion and conclusions of law section of this opinion.

## POSITION OF THE PARTIES

Kaufman & Canoles basically asserts that the $257,452.35 it took post-petition for

legal fees and expenses was not property of the bankruptcy estate.   As the Court

understands Kaufman & Canoles' arguments, Kaufman & Canoles believes it took the

funds during the "gap period" in the ordinary course of business pursuant to Bankruptcy

Code § 303(f) by agreement with debtor or RAI.   Alternatively, if RAI successfully

foreclosed pre-petition on all of debtor's property (including the funds held in escrow by

Kaufman & Canoles), then the funds Kaufman & Canoles took post-petition were not

part of the bankruptcy estate.   Finally, Kaufman & Canoles expresses a concern that

turning over the $257,452.35 to the Chapter 7 Trustee pending further order of this Court

will somehow prejudice its rights to claim those funds as its own.

The Chapter 7 Trustee argues that the $257,452.35 taken by Kaufman & Canoles

constitutes property of the bankruptcy estate and must be turned over to the Chapter 7

Trustee pursuant to Bankruptcy Code §§ 542 (avoidance), 547 (preference), or 549

(turnover).  The Chapter 7 Trustee further asserts that the funds were taken by Kaufman

3

& Canoles post-petition in violation of the automatic stay in Bankruptcy Code § 362.[1]

Finally, the Chapter 7 Trustee argues that Bankruptcy Code § 549(b) validates gap period

transfers only to the extent of value exchanged during the gap period, citing *Yancey v.*

*Varner (In re Pucci Shoes, Inc.),* 120 F.3d 38, 41 (4th Cir. 1997), observing that Kaufman

& Canoles' legal services were provided prior to the bankruptcy.

The Chapter 7 Trustee, by counsel, stipulated that if the funds were turned over to

the Chapter 7 Trustee, the Chapter 7 Trustee would not object to any claim to the funds

by Kaufman & Canoles in the Chapter 7 case on the basis that the Court had previously

determined that the funds were property in which the Chapter 7 estate had an interest.

The Chapter 7 Trustee also waived any damages for the alleged violation of the

automatic stay by Kaufman & Canoles to date.

RAI asserts that Kaufman & Canoles could not have taken the funds in ordinary

course of business on December 28, 2005 because debtor was no longer conducting

business operations.  Furthermore, RAI denies that there was a pre-petition agreement

---

[1] The Chapter 7 Trustee asserts that he did not learn that Kaufman & Canoles took all of the funds post-petition until
he received Kaufman & Canoles discovery response, which stated:

> Pursuant to the settlement agreement entered in the *Federal Court Litigation*,
> the defendants in the *Federal Court Litigation* wired two settlement payments to
> Kaufman & Canoles, P.C. in the total amount of $393,000: (1) $193,000 on
> December 7, 2005; and (2) $200,000 on December 21, 2005. Kaufman &
> Canoles, P.C. then applied $257,452.35 of these $393,000 payments on
> December 28, 2005 to pay its outstanding invoices per its agreement with
> Brandseed Media Commerce Group, LLC and RAI Funding.

that would have allowed Kaufman & Canoles to take the funds, and even if there was, the

event of bankruptcy would have changed such pre-petition agreement.

### DISCUSSION AND CONCLUSIONS OF LAW

This court has held that:

> A motion of summary judgment is governed by Federal Rule
> of Civil Procedure 56, incorporated into this proceeding by
> Bankruptcy Rule 7056.  Fed. R. Bankr. P. 7056.  The court
> may consider pleadings, responses to interrogatories,
> admissions, and affidavits to determine whether there is a
> genuine issue as to any material fact in this matter.  *Falcone
> v. Prosperity Bank & Trust* (*In re Falcone*), 146 B.R. 671,
> 673 (Bankr. E.D. Va. 1992).  The court will grant summary
> judgment if there is not a material issue or fact that must be
> established at trial and the moving party is entitled to
> judgment as a matter of law.  *Id.*

*Matson v. Grease Monkey Int'l, Inc.* (*In re Bev, Inc.*), 237 B.R. 311, 313 (Bankr. E.D. Va.

1998).

After hearing the arguments and representations of counsel and reviewing the

documentary evidence, the court was persuaded that the $257,452.35 taken by Kaufman

& Canoles constituted property of the estate which should be turned over to the Chapter 7

Trustee.  The threshold for what constitutes "property of the estate" under Bankruptcy

Code § 541 is exceeding low.  Property of the estate is defined under § 541(a)(1) as

follows:

> (a)  The commencement of a case under section 301, 302, or
> 303 of this title creates an estate. Such estate is comprised of
> all the following property, wherever located and by

whomever held:

> (1)  Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

11 U.S.C. § 541(a)(1).

The United States Supreme Court has given a very expansive interpretation to the meaning of property of the estate:

> Both the congressional goal of encouraging reorganizations and Congress choice of methods to protect secured creditors suggest that Congress intended a broad range of property to be included in the estate.
>
> . . .
>
> [Section] 541(a)(1) is intended to include in the estate any property made available to the estate by other provisions of the Bankruptcy Code.  Several of these provisions bring into the estate property in which the debtor did not have a possessory interest at the time the bankruptcy proceedings commenced.

*United States v. Whiting Pools, Inc*., 462 U.S. 198, 204-205, 103 S. Ct. 2309, 2313-14, 76 L. Ed. 2d 515 (1983)(citations omitted).

The Chapter 7 Trustee has the initial burden of proving that the property in issue is property of the estate under § 541.  *See Williams v. American Bank of Mid-Cities, N.A. (In re Williams)*, 61 B.R. 567, 570 (Bankr. N.D. Tex. 1986).  Likewise, the initial burden of proof under § 542 is also on the Chapter 7 Trustee.  *Herman & MacLean v. Huddleston*, 459 U.S. 375, 389-90, 103 S. Ct. 683, 691-92, 74 L. Ed. 2d 548 (1983).

6

Kaufman & Canoles conceded the truthfulness of the Uncontested Facts set forth

in the Chapter 7 Trustee's Motion at 2-4. *Response* at 5-7.[2]  Exhibit A to Kaufman &

Canoles' interpleader complaint is the Stipulated Final Judgment and Order in the case of

*Brandseed Media Commerce Group, LLC, v. Worldwide Excellence, Inc., et al.*, No.

3:05cv00327 (E.D. Va. - Richmond Div.).  This Judgment was "ENTERED in favor of

BrandSeed against defendants, jointly and severally, *to be paid to BrandSeed . . . ." Id.*

(emphasis added).  Brandseed was represented by Kaufman & Canoles, "*Attorneys for*

*Plaintiff, Brandseed Media Commerce Group, LLC*", which signed the judgment on

behalf of Brandseed. *Id.*

Kaufman & Canoles' response to the Chapter 7 Trustee's Interrogatory Number 4

is as follows:

> Pursuant to the settlement agreement entered in the *Federal
> Court Litigation*, the defendants in the *Federal Court
> Litigation* wired two settlement payments to Kaufman &
> Canoles, P.C. in the total amount of $393,000: (1) $193,000
> on December 7, 2005; and (2) $200,000 on December 21,
> 2005. Kaufman & Canoles, P.C. then applied $257,452.35 of
> these $393,000 payments on December 28, 2005 to pay its
> outstanding invoices per its agreement with Brandseed Media
> Commerce Group, LLC and RAI Funding.

Kaufman & Canoles' Answers to Interrogatories.

Based upon this evidence, the Chapter 7 Trustee has established as a matter of fact

that the Chapter 7 bankruptcy estate has an interest in the $257,452.35 that Kaufman &

---

[2] Although Kaufman & Canoles stated it "do[es] not dispute the proffers" rather than admitting or conceding these

Canoles took as legal fees from the Worldwide settlement payments made on December

7th and 21st, 2001.  The money is property in which the debtor's bankruptcy estate has an

interest.

To obtain the property from Kaufman & Canoles, the Chapter 7 Trustee must

proceed under §542(a), which provides as follows:

> Except as provided in subsection (c) or (d) of this section, an
> entity, other than a custodian, in possession, custody, or
> control, during the case, of property that the trustee may use,
> sell, or lease under section 363 of this title, or that the debtor
> may exempt under section 522 of this title, shall deliver to the
> trustee, and account for, such property or the value of such
> property, unless such property is of inconsequential value or
> benefit to the estate.

11 U.S.C. § 542(a).  Thus, in order to prevail under § 542(a), the Chapter 7 Trustee must

prove that: (1) the property (of the estate) is in the possession, custody, or control of an

entity; (2) the property can be used in accordance with 11 U.S.C. § 363; and (3) the

property has more than inconsequential value or benefit to the estate.  *See G.M.A.C. v.*

*Radden (In re Radden)*, 35 B.R. 821, 826 (Bankr. E.D. Va. 1983).

The property interest at issue here is debtor's interest in the partial payment made

on the debtor's judgment.  The first requirement is satisfied because the property was in

the possession of Kaufman & Canoles, which admits it took the property.  The second

requirement is also satisfied because it is readily apparent that a debtor may use its own

cash under § 363.  Finally, $257,452.35 is not of such inconsequential value or benefit to

---

facts, the evidentiary effect is the same.  The facts are deemed admitted.

the estate that the Chapter 7 Trustee should abandon it.  The Chapter 7 Trustee has thus met his burden under §§ 541 and 542, and Kaufman & Canoles will be directed to turn over the $257,452.35 to the Chapter 7 Trustee.

The court is not prepared at this time to rule on the Chapter 7 Trustee's motion seeking a declaration that Kaufman & Canoles has no interest in the $257,452.35.  The Chapter 7 Trustee may renew his motion without prejudice at an appropriate time.  The court finds that the penultimate issue remaining in this adversary proceeding is not whether Kaufman & Canoles should be allowed to interplead $135,547.65, an issue which has already been decided, but is instead the ownership of the $257,425.35.

Because it appears that further proceedings are in order, the Court will deny the remaining parts of the Chapter 7 Trustee's motion without prejudice.


Date:                                              /s/ Douglas O. Tice Jr.
                                                   DOUGLAS O. TICE JR.
                                                   CHIEF JUDGE
                                                   UNITED STATES BANKRUPTCY COURT


                                                   Entered on Docket:

**Copy to:**

Douglas Scott, Esquire
DurretteBradshaw, P.C.
600 E. Main Street, 20th Floor
Richmond, Virginia 23219

Loc Pfeiffer, Esquire
Kutak Rock LLP
1111 East Main St., Suite 800
Richmond, VA 23219-3500

David R. Ruby, Esquire
McSweeney & Crump, PC
11 South 12th Street
Richmond, VA  23219

Augustus C. Epps, Esquire
Christian & Barton, LLP
909 East Main Street, Suite 1200
Richmond, VA  23219

Roy M. Terry, Jr., Trustee
DurretteBradshaw, P.C.
600 East Main St., 20th Floor
Richmond, VA  23219